## LOCKWOOD v. LOCKWOOD.

BANKS—DEPOSITS—INTESTATE ESTATES—DEBTS DUE PUBLIC—COUNTIES—TOWNS.—Where the treasurers of a county and town deposit municipal funds in an unincorporated bank, the debt created by the deposit is due the municipality, and upon death of banker and insolvency of his estate, these are debts due the public, under Code of 1902, 2358, and should be paid in full before other debts.

Before PURDEY, J., Beaufort, December, 1902.    Affirmed.

Action by Laura M. Lockwood, executrix of Wm. H. Lockwood, against Willie Hill Lockwood *et al.*   From Circuit decree, defendants   except H. Q. Adams, treasurer of Beaufort County, and George Gage, treasurer of town of Beaufort, appeal.

*Messrs. George Galletly, W. S. Tillinghast,* and *Elliott & Thomas,* for appellants, cite: *As to the deposit by respondents being a debt due the public:* 45 S. C., 567; 1 Strob. L., 42; 23 S. C., 118.   *As to proof of the debt:* Strob., 145; 11 Rich., 278.   *Debt due county or town is not due the public:* 19 Ency., 302, 303; 8 Ency., 2 ed., 1047, 1048, 1068; 3 McC., 377; 9 Wheat, 907; 9 Hump., 217; 46 Vt., 784; Sneed, 351; 2 Hill Ch., 250; DeS., 450; 23 S. C., 119.

*Mr. Thos. Talbird,* contra, cites: *Debt due municipality is debt due public:* Black. Con. L., 380; 23 S. C., 114; 52 Neb., 171; 104 U. S., 54; 20 L. R. A., 223; 15 S. C., 9; 111 U. S., 125; 5 Wall., 663.

March 29, 1904.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   William H. Lockwood, who for many years had conducted a private unincorporated banking business at Beaufort, under the name of the Bank of Beaufort, died, testate and insolvent, on the 23d day of July, 1902. At the time of his death many persons had claims against him for money deposited in his bank.   Among the depositors were H. Q. Adams, county treasurer, and George Gage, clerk and treasurer of the town of Beaufort, who claimed that they were entitled to a preference in the payment of debts under sec. 2538, Code of Laws, because the sums due them were debts due the public.   His Honor, the Circuit Judge, rendered a decree that they were entitled to such preference.

The only question raised by the appellants' exceptions is

whether the Circuit Judge erred in adjudging that these depositors were entitled to such preference. The appellants contend that there is no evidence that the public money was loaned Lockwood, only that certain money was credited to Adams and Gage as treasurers.

Before considering whether this case comes within the provisions of sec. 2358 of Code of Laws, we will, therefore, first determine to whom the money belonged that was deposited by the said treasurers. The Circuit Judge in his decree makes the following finding of fact, to which there was no exception: "There is no contention as to one fact which settles this issue, and that is that H. Q. Adams deposited the money with the deceased as treasurer of Beaufort County, and that George Gage deposited the funds of the town of Beaufort as treasurer of said town. This fact is not disputed. This money did not belong to Mr. Adams or to Mr. Gage; they recognized this, and Mr. Lockwood, the deceased, recognized this, and must from the nature of things have known the source from whence these funds came." From a consent order set out in the record, it appears that H. Q. Adams, county treasurer, has established a claim against the said estate to the amount of $4,187.39, and that George Gage, treasurer of the town of Beaufort, has established a claim to the amount of $1,331.77, both of whom claim and set up in their answers priorities as debts due the public. The sums deposited by the treasurers were trust funds, and the case of *Gary* v. *Bank,* 26 S. C., 538, 2 S. E., 568, shows that they could not have been drawn out of the bank by them as individuals but only in their official capacity. The county and town of Beaufort were the owners of such funds, and the receipt of them by Lockwood's bank under the circumstances hereinbefore mentioned created a liability on his part in favor of the said owners. When he died before repaying said sums, of course, this liability became a debt against his estate.

Having shown that the county and town of Beaufort are the owners of the sum deposited as aforesaid, we will next

consider whether the liability to a county or a town for money deposited can be construed as a debt due the public against the estate of the person with whom the deposit was made. The question whether the liability to a county could be considered as a debt due the public against the estate of a deceased person, was not settled in this State until the case of *Baxter* v. *Baxter,* 23 S. C., 114, which decided that a debt due by a surety at the time of his death on a county treasurer's bond for a default of his principal is a debt due to the public, and as such is entitled to priority of payment out of the assets of the deceased, under sec. 2358 of the Code of Laws. In the case just mentioned, the Court says: "The language used in the act is very general and comprehensive, 'debts due to the public.' No limitation is either expressed or implied by the terms used in the act, and we are aware of no rule of construction which would justify us in fixing any limit to general terms when the legislature has not seen fit to do so. Hence, when we find that there is a debt and that it is due to the public, we are bound to place it in the class which the legislature has declared shall be entitled to preference. We are less reluctant to reach this conclusion, when we see that the Court, both in the case of the *Commissioners* v. *Greenwood* and *Kluck* v. *Kleckley,* seemed to assume, without, however, deciding the question, that debts arising from default in accounting for public money did belong to the class protected by the act, and were not disposed to coincide in the limitations placed upon those terms by Judge O'Neall. Again, if the preference given to the State rested upon the ground of prerogative, then there might be good reason for confining the preference to such debts as were due to the State, as a sovereign, as, for instance, taxes; but the above cases show that such is not the ground upon which the preference is based, but that it rests solely upon the terms of the act, and the only question, therefore, is as to the proper construction of the language there used." There is no difference in principle between the case just mentoned and the one under consideration. In the case of *Baxter* v. *Baxter,*

the liability was created by an express agreement, while in the present case it arose from an implied obligation.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.