In re Receivership of Bank of J. Kelso.

Town of Bellevue, Appellee, v. William B. Guthrie, Receiver, Appellant.

RECEIVERS: Payment of Claims—Priority—General Municipal Deposits. A general deposit in a private bank, made by a town treasurer in the name of the town, is a "debt due" to the town, and

therefore entitled to a preference in proceedings instituted under the general receivership statutes.   (Sec. 12719, Code of 1924.)

*Appeal from Jackson District Court.*—F. D. LETTS, Judge.

NOVEMBER 11, 1924.

ACTION to establish a claim as a preference in favor of a town, on a deposit in the hands of a private bank which has been placed in the hands of a receiver.  The trial court allowed the claim as a preference, and the receiver appeals.—*Affirmed.*

*Ely & Gregory, A. M. Cloud, F. H. Schwirtz,* and *Trewin, Simmons & Trewin,* for appellant.

*Kintzinger & Stuart,* for appellee.

FAVILLE, J.—The Bank of J. Kelso was a private bank, located in the town of Bellevue, Iowa.  On October 10, 1922, in an action brought by private parties, a receiver was appointed for said bank, who qualified as such.  In due time, appellee filed its claim against said bank, alleging that it is a municipal corporation, organized under the laws of the state of Iowa, and alleging that, prior to the said 10th day of October, 1922, said corporation had deposited in the said bank, to its credit, the sum of $12,644.43, and that said amount was due and owing from said bank to the said corporation, and praying that the said claim be established as a preference, and that priority of payment of the same be decreed.

Appellant answered the claim of appellee, and admitted the corporate capacity of appellee; that the bank was a private bank, owned by a copartnership; and that, at the time of the appointment of the receiver, appellee "had a general credit deposit in the said Bank of J. Kelso." It is also alleged in the answer that the said appellee, prior to and at the time of the closing of the bank, was "a general creditor of said Bank of J. Kelso;" and it is alleged that the deposits as made by appellee in said bank were general deposits, and that, at the time of the closing of the bank, the books showed a general credit in favor

of appellee in the sum claimed. Appellant further alleged that, at the time of his appointment, there was only the sum of $663.58 cash that came into his hands as receiver of said bank.

To this answer by appellant, appellee filed a demurrer, on the grounds that the facts stated in the answer show the appointment of a receiver, and that the copartnership constituting said bank is indebted to appellee in the amount set out in its claim, by reason of the deposit alleged and admitted to have been made, and that it affirmatively appears that said sum is due appellee as a municipal corporation of the state of Iowa. The demurrer to the answer was sustained; and, the receiver electing to stand on his answer and on the ruling on the demurrer, judgment was entered establishing appellee's claim as a preferred claim and directing the receiver to pay the same accordingly.

It is to be noted at the outset that the bank in question is a private bank, and that the receiver was appointed under the general provisions of the statute relating to the appointment of receivers. Appellee claims its right to a preference in the payment of its claim under the provisions of Section 3825-a, Code Supplement, 1913 (Code, 1924, Section 12719), which provides that, when the property of any person, partnership, company, or corporation has been placed in the hands of a receiver for distribution, after the payment of all costs, claims entitled to priority of payment shall include "debts due or taxes assessed and levied for the benefit of the state, county, or other municipal corporation in this state."

If the deposit in the bank in the name of appellee is a debt due to a municipal corporation of this state, then the claim was entitled to priority, under the language of this statute. We have recently had occasion to discuss this statute and its effect in the case of *In re Receivership of Marathon Sav. Bank,* 198 Iowa 692. It is unnecessary that we repeat the discussion in the opinion in said case.

It is contended in the instant case that the deposit was made by the town treasurer, and not by appellee as a municipal corporation. The difficulty with appellant's position at this point is twofold. The funds are, in fact, the funds of the municipal corporation, and they were deposited in the name of the

municipal corporation.   The answer admits that "the town of
Bellevue had a general credit deposit in said bank," and also
that the town of Bellevue "was a general creditor of said bank."
It also admits that "said deposits as made by the town of Belle-
vue were general deposits," and that "the books of said bank
showed a general credit deposit in favor of the town of Bellevue
in the sum stated." Under the allegations of the answer, there
is no escape from the conclusion that the funds were deposited
by the municipality and in the name of the municipality, and
created the relation of debtor and creditor between the munic-
ipality and the bank.

It is argued that there is no showing that the amount so
on deposit was "a debt due to the municipality." The argument
is that the deposit by the municipality in the bank was not a
debt, and, furthermore, that a general deposit of this character
was not "due" until after demand had been made for the pay-
ment of the same.   That such deposit is a debt, within the mean-
ing of this statute, is decided in the Marathon case, supra.

The bank was insolvent, and a receiver had been appointed.
Its assets were sequestered and placed in the hands of the re-
ceiver.   The debt which the bank owed the municipality on a
general deposit was due, within the meaning and contempla-
tion of this statute, at the time the claim of appellee was filed.
The question as to the right of the town treasurer to deposit
municipal funds in the bank is not involved in this appeal.   The
answer admits that the funds were deposited by the municipal-
ity, and that the municipality itself was a creditor of the bank.
We are not concerned, in this appeal, with the question of the
liability of the treasurer personally, or of the sureties on his
bond to the municipality.

If there are inconsistencies in the statute in permitting cer-
tain public officials to deposit public funds in banks and requir-
ing bonds to be given for such deposits, and the provisions of
the statute making such deposits preferred claims, at the in-
stance of the municipality, these are matters for the considera-
tion and determination of the legislative branch of the govern-
ment.   We are compelled to construe the statute as we find it,
and when it is so construed, under the allegations in the instant

case, it appears that the claimant is a municipal corporation, and that the claim sought to be established is a debt due to it from a copartnership whose property has been placed in the hands of a receiver for distribution, and that, after the payment of costs and taxes, or other debts entitled to preference under the laws of the United States, such debt due said municipality is entitled to priority of payment.

In view of the allegations of the answer, it is unnecessary that we pass upon the question as to whether the treasurer of the town had a right to deposit the funds in question in the bank, and as to whether or not they became a trust fund. Under the admitted facts, the deposit was made by the municipality in its own name, and it was the creditor of the bank. In other words, the facts as pleaded bring the case squarely within the provisions of the statute.

The order of the district court was in accordance with the statute, and, under the facts as set forth in appellant's answer, the decree of the district court was correct. It therefore must be, and it is,—*Affirmed.*

Arthur, C. J., and Evans and Preston, JJ., concur.