IN RE ASSIGNMENT OF J. N. GATES FOR BENEFIT OF CREDITORS.

MYLES BOEGER et al., Appellees, v. FRANCIS VARGA, Appellant.

**ASSIGNMENTS FOR BENEFIT OF CREDITORS:** Preferred Claims.
1 A specific recital in an insolvency statute as to what claims shall
be entitled to preference in payment is exclusive of all other claims.

**ASSIGNMENTS FOR BENEFIT OF CREDITORS:** Claims—Unallow-
2 able Preference. An assignment for the benefit of creditors may
not be deemed a "receivership" for the purpose of determining
claims entitled to preference in payment.

**RECEIVERS:** Distribution of Assets—Common-law Rule Repudiated.
3 The common-law rule relative to the preferential standing of claims
due the state and its governmental subdivisions is not in force in
this state.

Headnote 1: 5 C. J. p. 1274. Headnote 2: 5 C. J. p. 1273. Headnote
3: 5 C. J. p. 1274.

*Appeal from Decatur District Court.*—H. H. CARTER, Judge.

NOVEMBER 24, 1925.

CLAIM in an assignment for benefit of creditors, in which it
is sought to establish the claim of the district school township
as a preferred claim. The district court established a preference,
and the assignee appeals.—*Reversed.*

*Hoffman & Hoffman* and *C. W. Hoffman,* for appellant.

*O. M. Slaymaker* and *R. E. Killmar,* for appellees.

ALBERT, J.—I. J. N. Gates conducted a private bank at
Davis City, Iowa, under the name of the Valley Bank. He was
the sole owner thereof. On April 9, 1921, he made a general
assignment for the benefit of creditors, naming
Francis Varga as assignee. Varga duly quali-
fied, and took possession of the property. At
this time there was on deposit in said bank the sum of $3,568.98

1. ASSIGNMENTS
FOR BENEFIT OF
CREDITORS: pre-
ferred claims.

belonging to the district school township of Burrell, in Decatur County. The township filed claim therefor with the assignee, and the same was approved and allowed. The claim of the township was duly assigned to the appellees herein, who were sureties on the depository bond for such deposit, which bond ran to the said district. The sureties paid the money to the district and took an assignment of the district's claim. In their application in this matter, they seek to have their claim allowed as a preferred claim.

These facts are set up in the application, together with the further fact that there were more than ample funds in the hands of the assignee to pay the first-class claims. A demurrer was filed and overruled, and appellant stood on the ruling on the demurrer, and judgment was entered allowing the claim as a preferred claim.

As heretofore noted, this proceeding is under Title XV, Chapter 7, of the Code of 1897. Said title governs assignments for the benefit of creditors, and is complete in itself. Sections 3078 and 3079 of said Code mark out preferences which are to be allowed: namely, all taxes, and personal services rendered within ninety days preceding the execution of the assignment. It then provides that, after said claims have been paid, the court shall, from time to time, order fair and equal dividends paid to the creditors in proportion to their claims. The statute having thus defined the parties who shall be entitled to preference, it necessarily excludes a preference to all others. This is made more certain by reason of the fact that the statute provides that, after these two classes of preferred claims are paid, there is to be equal distribution among the creditors. We therefore find no warrant under this chapter to support the finding of the court that the claim herein was a preferred claim.

II. The appellees insist that, by reason of Section 1 of Chapter 156 of the Acts of the Thirty-first General Assembly (Section 3825-a, Code Supplement, 1913; Section 12719, Code of 1924), they are entitled to preference, this

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS: claims: unallowable preference.

being the section which provides for preference in receiverships. Under this section an assignment for benefit of creditors cannot be construed to be a receivership. It is true that in some instances courts

have held that, for the purpose of giving effect to the law, a receiver may be held to be an assignee. A typical illustration of this is the case of *Columbia Fin. & Tr. Co. v. Tharp*, 24 Ind. App. 82 (56 N. E. 265) ; but that case held to such construction for the simple purpose of effectuating the liquidation of a building and loan association. We have found no case, and none has been called to our attention, which holds that a receivership may be construed to be an assignment for the benefit of creditors, or *vice versa,* wherein a question of preference is involved; and we are not now disposed to construe this statute in the way appellees claim it should be construed.

Appellees further insist that at common law the state and all arms of the state are entitled to preference in any case involving the liquidation of an insolvent estate. It is strenuously urged upon us that what was said in the case of *In re Receivership of Marathon Sav. Bank,* 198 Iowa 692, relative to such common-law preference, is controlling herein. In the first place, the heart was taken out of the *Marathon Sav. Bank* decision in the case of *Leach v. Exchange State Bank,* 200 Iowa 185, and by change of statute. Further than this, what was said in the *Marathon Sav. Bank* case as to a common-law preference was wholly dictum, as the decision of the case was not made to rest upon that statement. We have never recognized the doctrine of common-law preference in this state, and do not now ingraft it on our practice.

3. RECEIVERS: distribution of assets: common-law rule repudiated.

Numerous other matters are discussed in the case, but this disposes of the material question which is controlling and decisive. The district court was in error in allowing this preference, and the case is reversed.—*Reversed.*

FAVILLE, C. J., and EVANS and MORLING, JJ., concur.