ROBERT L. LEACH, Superintendent of Banking, Appellant, v. CASTANA SAVINGS BANK et al., Appellees.

**BANKS AND BANKING:** Dissolution—Nonpreference in Deposits. 1 Principle reaffirmed that, in the settlement of the affairs of an insolvent state bank, the deposit of a municipal corporation has no preference over other deposits. (Sec. 9239, Code of 1924.)

**APPEAL AND ERROR:** Reservation of Grounds—Absence of Reservation—Effect. 2 tion—Effect. Issues not presented to the trial court will not be considered on appeal.

Headnote 1: 7 C. J. p. 749. Headnote 2: 3 C. J. p. 689.

*Appeal from Monona District Court.*—MILES W. NEWBY, Judge.

FEBRUARY 16, 1926.

PROCEEDINGS to declare the deposit of the treasurer of Monona County in the Castana Savings Bank to be a preference. The district court so declared, and the receiver appeals.—*Reversed.*

*Ben J. Gibson,* Attorney-general, and *O. P. Bennett,* for appellant.

*George W. Prichard,* for Monona County.

*Kindig, McGill, Stewart & Hatfield,* for American Surety Company of New York.

ALBERT, J.—On March 5, 1924, Robert L. Leach, superintendent of banking, was appointed receiver for the Castana Savings Bank of Castana, Iowa, by the district court of Woodbury County. The record shows nothing whatever as to the assets of said bank, other than that it is conceded or conclusively shown that, at the time the bank was taken over by the receiver, there was on hand in cash and cash items $1,575.47.

1. BANKS AND BANKING: dissolution: nonpreference in deposits.

At the time the bank closed its doors, Monona County, through its treasurer, had on deposit the sum of $9,153.83, plus interest, making a total of $9,175.99. The Castana Savings Bank had furnished to the county a surety bond for $7,500, dated March 10, 1922, and continuation thereof for the year commencing March 1, 1923. The surety company is party defendant in this action. The county asks that this claim be declared a preferred claim.

The surety company filed a demurrer, on which no ruling was made, and apparently, in so far as the surety company is concerned, it is still pending. As between the receiver and the county, the record was stipulated, and no oral testimony was introduced except that of E. W. Baumann, who was cashier of

the bank at the time it closed its doors. The case was submitted and order entered on the 9th of January, 1925.

It is apparent that, when this case was tried, the county relied for its preference wholly on Section 3825-a, Supplement to the Code, 1913, under the interpretation of that section as given in *In re Receivership of Marathon Sav. Bank,* 198 Iowa 692. Under the holding in that case and the showing herein made, if the *Marathon Sav. Bank* case controls, the ruling of the district court would be correct; but after the *Marathon* decision, and before the appointment of this receiver, Chapter 189, Acts of the Fortieth General Assembly (Section 9239, Code of 1924), became operative. After the passage of that section, this court again had before it the question of preference in cases of this character, and made pronouncement in the case of *Leach v. Exchange St. Bank,* 200 Iowa 185. The *Exchange St. Bank* case was not decided by this court until after the order in the case at bar was entered in the lower court. In the *Exchange St. Bank* case we held that the rule announced in the *Marathon Sav. Bank* case was no longer operative, by reason of the passage of the aforesaid Chapter 189, Acts of the Fortieth General Assembly. Hence the rule announced in the *Exchange St. Bank* case was the law at the time the district court entered the order in the instant case. Under the *Exchange St. Bank* case, the county, or its treasurer, was not entitled to the preference allowed by the district court herein. See *In re Iowa St. Sav. Bank of Manning,* 206 N. W. 140 (not officially reported).

The county now seeks to inject into the case the claim that it is entitled to a preference under the "trust theory," in that the record shows that the bond held by the county was for only

2. APPEAL AND ERROR: reservation of grounds: absence of reservation: effect.

$7,500, whereas the amount on deposit was something over $9,000; that, therefore, the deposit, or at least that part above $7,500, was wrongful, and to that extent it should be allowed preference. This is apparently wholly an afterthought, and there is nothing in the record showing that there was any such issue before the court. If the record did show such an issue, the county has wholly failed to make a showing of the facts necessary to create a trust relation.

The court erred in holding the county entitled to a pref-

erence herein, and its action in so doing is hereby reversed.—
*Reversed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.