W. J. MURRAY, State Superintendent of Banking, Appellant, v. FIRST SAVINGS BANK OF SUTHERLAND et al., Appellants; TOWN OF SUTHERLAND, Intervener, Appellee.

BANKS AND BANKING: Insolvency—Priority in Payment of Deposits —Vested Right. A municipal corporation which, at the time an insolvent bank is placed under receivership, is entitled, under a statute as construed by the Supreme Court, to a priority in the payment of its municipal deposit, is not deprived of such priority by a subsequently enacted statute which denies such priority. (See Book of Anno., Vol. 1, Const., Art. 1, Sec. 21, Anno. 40 *et seq.*)

Headnote 1: 7 C. J. p. 749.

Headnote 1: 24 A. L. R. 1495; 31 A. L. R. 790; 36 A. L. R. 640; 42 A. L. R. 1296; 5 L. R. A. (N. S.) 886; 16 L. R. A. (N. S.) 918; L. R. A. 1917A, 683; 46 L. R. A. (N. S.) 260; L. R. A. 1918A, 398; 3 R. C. L. 644.

*Appeal from O'Brien District Court.*—WILLIAM HUTCHINSON, Judge.

APRIL 9, 1926.

REHEARING DENIED SEPTEMBER 24, 1926.

The incorporated town of Sutherland, Iowa, by petition of intervention seeks to secure preferred payment out of the assets of the First State Bank of Sutherland, now in the hands of a receiver, on a claim of $6,328 for the town's funds deposited in said bank prior to the receivership. The district court allowed the preference, and the receiver appeals.—*Affirmed.*

*Ben J. Gibson,* Attorney-general, and *O. H. Montzheimer,* for appellant.

*Bailie & Edson,* for appellee.

ALBERT, J.—The petition of intervention alleges that the First Savings Bank of Sutherland, Iowa, was incorporated under the laws of the state of Iowa, and for many years had engaged in the general banking business in the town of Sutherland; that there were on deposit in said bank funds of the said incorporated town to the amount of $6,328; that said funds were on hand at the time of the closing of the bank, and are now in the hands of the receiver of said bank; that they constitute a trust fund in the hands of the receiver, to which the town of Sutherland is entitled to make claim as a special deposit and a preferred claim against said estate in the hands of said receiver; that the assets of the bank in the hands of said receiver were increased $6,328 by said deposit; that said bank closed its doors on the 25th of April, 1923; and that on that date a receiver was appointed by the court, on account of the insolvency of the bank. The petitioner asks that its claim for said amount be allowed as a preferred claim, and that it be given priority over other creditors.

To this petition a demurrer was filed, for the reason that the facts stated do not entitle the intervener to the relief demanded. The court overruled this demurrer; the receiver took exception to the ruling and stood thereon; and judgment was entered, establishing the claim of the town as a preferred claim.

The record shows that an order was made on the 25th of April, 1923, appointing W. J. Murray, who was then the superintendent of banking, receiver for the defunct bank. Later, on the 9th of May, Murray having resigned as superintendent of

banks, and Robert L. Leach having been appointed as his successor, the court, by order then made, confirmed the appointment of Robert L. Leach as receiver of said Sutherland State Bank. Ordinarily, this would be of no importance; but it is urged as important here by reason of the matters to which reference is hereinafter made. We do not deem the same of any materiality whatever; because the court, by its action on the 25th of April, 1923, took jurisdiction of the subject-matter, to wit, the appointment of a receiver for said bank on the grounds of insolvency, and exercised its power under the statute by appointing a receiver therefor. The fact that this receiver may have resigned, and another been appointed, to our minds has no bearing whatever on the questions involved herein. The arguments of counsel in the lower court and here are devoted primarily to a discussion of whether or not the law governing this receivership and the question of preference of claims are controlled by our decision in the case of *In re Receivership of Marathon Sav. Bank*, 198 Iowa 692, or by the case of *Leach v. Exchange State Bank*, 200 Iowa 185. The writer of this opinion, as expressed in his special concurrence with Judge Arthur in the *Exchange State Bank* case, is of the notion that the *Marathon Sav. Bank* case should have been overruled; but, as the majority of the court is of a different notion, it is controlling. Under the ruling laid down in the *Marathon* case, and the facts conceded by the demurrer herein, there can be no doubt that the town's claim is a preferred one. The receiver, however, seeks to avoid this by reason of a certain enactment by the legislature, designated as Chapter 189, Acts of the Fortieth General Assembly. It was by reason of the enactment of this statute that the *Exchange State Bank* case was decided as it was. It therefore becomes very material to determine whether or not this statute was in operation at the time the court assumed jurisdiction of this matter and appointed the receiver.

The aforesaid act of the fortieth general assembly was passed and approved on March 20, 1923. As then passed, it did not contain a publication clause. By Chapter 389 of the acts of the same general assembly, approved April 11, 1923, the aforesaid Chapter 189, being Senate File 563, was deemed of immediate importance, and made to be in force and effect after its publication, etc. By what is now Chapter 190 of the Acts of the

Fortieth General Assembly, which was approved on April 19, 1923, the aforesaid Senate File 563 was amended by adding a section thereto providing that the act was deemed of immediate importance, and would become effective on and after its passage and publication in the Des Moines Capital and Des Moines Register, etc. This last act was deemed of immediate importance, and provided that it was to take effect on and after its passage and its publication in the above newspapers. It was approved on April 19, 1923, and was published in the Des Moines Capital and Des Moines Register on April 24, 1923. The original act, Senate File 563, now Chapter 189, Acts of the Fortieth General Assembly, was published in the Des Moines Capital on the 2d day of May, 1923, and in the Des Moines Register on the 3d day of May, 1923. According to the terms of the acts and the amendments thereto this act was only in force from and after the 3d day of May, 1923. It follows, therefore, that the act on which the *Exchange State Bank* decision was based was not in force and effect at the time this receivership was commenced, and that this act and the *Exchange State Bank* case, supra, have no effect whatever upon the rights of these parties. The rights of the respective parties must be determined under the law as it existed prior to this enactment, and prior to the rendition of the opinion in the *Exchange State Bank* case. To simplify, this receivership was established by the court on the 25th of April, 1923; the enactment in question did not go into operation until the 3d of May, 1923; and hence the rights of the parties are to be determined under the rule laid down in the *Marathon* case. This being the law, the facts pleaded by the intervener were sufficient, under the rule in the *Marathon* case, to entitle it to have its claim established as a preferred claim. The ruling of the district court in overruling the demurrer was therefore correct.

Some other matters are discussed, but we do not deem them of importance, and no further attention is given to them.— *Affirmed.*

DE GRAFF, C. J., and EVANS, VERMILION, and MORLING, JJ., concur.

FAVILLE, J. (dissenting). I cannot concur in the conclusion of the majority in this case. I was disqualified from partici-

pating in the *Marathon Sav. Bank* case, and I have never concurred in the rule therein announced. I think it is wrong; that it imports a section from the general statute on receivers into the banking law, where it never was intended to be, and where it was wholly inapplicable. The *Marathon Sav. Bank* case should be overruled now, and I dissent because this opinion reaffirms it.