In re ASSIGNMENT OF C. F. BRADY.

C. D. MULCAHY, Appellee, v. A. A. ADAMS, Appellant.

No. 41944.

June 20, 1933.

F. A. Ontjes and Jay W. Lorenz, for appellant.

J. E. Williams, for appellee.

R. M. Witwer, for assignee.

Mitchell, J.—On July 8, 1932, Charles F. Brady, who for many years had operated a drug store under the trade-name of Brady Drug Company in the city of Mason City, and was the owner of some real and personal property, executed an assignment for the benefit of his creditors to one W. J. Murphy as assignee. The assignment was duly recorded in the recorder's office and filed in the office of the clerk of the district court as required by law. The assignee on the same day duly qualified and took possession of all of said property so assigned to him. The property consisted of the drug stock, with the furniture and fixtures, some accounts, certain parcels of real estate, and a few shares in various corporations, the value of which was very doubtful. In December, 1930, C. F. Brady, the assignor, and the appellant made a written lease agreement for a term of five years. This lease covered the building used by the said C. F. Brady in conducting his drug store. It appears that afterward a lease was made between Brady and the appellant covering certain living rooms over the drug store. On the 6th day of July, 1932, the appellant filed in the district court of Cerro Gordo county a landlord's attachment action for rent delinquent under the lease covering the drug store. No landlord's writ of attachment was levied, either at that time or at any other time. On July 8, 1932, the assignment for the benefit of creditors was made, and on the 9th day of July, 1932, the appellant filed in the assignment for benefit of creditors proceedings his claim for rent

claimed to be due under the lease for the storeroom in which the assignor's drug business had been conducted. This was filed by way of a petition of intervention, and will be referred to later in this opinion. It appears from the record that on the 14th day of July, 1932, the court made an order which, after providing for the conduct of the business in the meantime, directed that the drug store, furniture, and fixtures be sold at auction at the courthouse on July 29, 1932, at the hour of 2 o'clock p. m., if same had not been otherwise disposed of prior thereto. This order is not set out in the abstract, but it is claimed by the appellee, and is not denied by the appellant, that the order provided only for the sale of the drug store and the furniture and fixtures, and did not cover the disposition of the other property. On the 29th of July, 1932, the drug store, with its furniture and fixtures, was offered for sale at the courthouse in Mason City, and the property was sold to the appellant, who was the highest bidder, for the sum of $3,300, and the appellant paid over to the assignee the said sum. The said sale was duly reported to and approved by the court on the same day. It appears without dispute that on October 5, 1932, there was entered in the district court of Cerro Gordo county a judgment against the said C. F. Brady and in favor of the appellant in this case in the amount of $2,045.55, which was the amount of rental due the appellant from the said C. F. Brady, together with interest to the date the judgment was entered. On the 3d day of August, 1932, the appellee, Mulcahy, filed his claim for personal services within the ninety days next preceding the assignment, in the amount of $415.93. On the 9th day of August, 1932, the appellant, Adams, filed his objection to the Mulcahy claim upon the following grounds:

(1) "That the said claimant failed at any time prior to August 3, 1932, to present to the assignee herein or to the court having custody of such property or the person charged with such property any statement under oath showing the amount due and the particulars appertaining thereto as provided by law (section 11719) ;" and (2) "that the said claim of said claimant exceeds the sum of one hundred dollars (Code sec. 11717) and that section 12732 of the 1931 Code of Iowa, enacted by the 20th General Assembly, is limited, modified, and substituted by sections 11717 and 11719, 1931 Code of Iowa."

On the 25th of August, 1932, by consent of all the parties,

hearing was had to the court, before the Honorable Joseph J. Clark, judge of the district court of Cerro Gordo county. It appears that the hearing was had with respect to all of the other claims; there being other labor claims which are not in any way connected with the case at bar, but which were submitted on the same day. Judge Clark entered an order holding that the claim had been filed in time, and that no limit could be placed upon the amount of the claim. The amount of the appellee's claim was not fixed by Judge Clark, but was left open for a hearing to be held later on. On October 27, 1932, the claim of Mulcahy came on for hearing as to the amount of said claim before the Honorable M. H. Kepler, and the court at that time refused to again hear or to entertain claimed objections relating to the time of filing or the limitation of claims to $100, and entertained and determined only the question of the amount of said claim. Upon said hearing, the appellee's claim was established in the amount of $415. The appellant has appealed to this court both from the order of Judge Clark, entered on the 25th day of August, 1932, and from the order of Judge Kepler, entered on the 27th day of October, 1932. There is no dispute in the record but that the appellee, within the ninety-day period preceding the assignment, performed personal services for the assignor, unpaid for in the amount of $415. There is no question in this record but that the assignment by C. F. Brady was duly and legally made. The appellant in this case had his choice of proceeding to levy his landlord's writ of attachment or to come in and file his claim in the assignment for the benefit of creditors. He chose, for reasons which are not disclosed by the record, not to levy his landlord's writ of attachment, but instead he filed his claim in the assignment for the benefit of creditors proceedings. In the claim which he filed, the appellant asked "that the assignee be required forthwith to discontinue the conduct of the business, to discharge retail salesmen and all employees except as may be essential for the protection and preservation of the property, reduce expenses to the minimum necessary for protection and preservation of the property, and offer the said property for sale and sell the same at private or public sale as may appear to the Court to be most advantageous to this intervener for the best price obtainable, and to pay the proceeds of such sale unto this intervener, subject only to payment of taxes on said property and proven and established labor claims for wages of persons employed in conducting said business earned within ninety

days preceding the date of the assignment not exceeding One Hundred and no/100 Dollars ($100.00) to any one person; that intervener's claim herein as aforesaid be allowed by order of this Court and adjudged to be due and payable unto this intervener; and that this intervener may have such other and further relief as may be necessary to protect his said landlord's lien and as may be equitable in the premises".

Thus it appears that the only questions to be determined by this appeal within the pleadings and the record are, first, the fact of preference; and, second, in what amount such claim is preferred. In other words, are these matters covered by the provisions of the chapter on assignments for the benefit of creditors (chapter 550, 1931 Code) or by those of the chapter on executions (chapter 498, 1931 Code)?

Section 12728 of the 1931 Code provides:

"The claims of all creditors, clearly and distinctly stated and sworn to by the claimant, or by some person acquainted with the facts, shall be filed in the office of the clerk of the district court within three months from the date of the first publication provided for in section 12727, unless the court extends such time for all or some of such claimants, which it may do in its discretion where peculiar circumstances seem to justify such extension, but in no case shall such time be extended beyond nine months."

Section 12731 of the 1931 Code provides:

"In all assignments of property for the benefit of creditors, assessments thereof, or taxes levied thereon, whether under the laws of the state or ordinances of municipal corporations, shall be entitled to priority, and paid in full by the assignee, and claims therefor need not be filed with him."

Section 12732 of the 1931 Code provides:

"If the claim of any creditor is for personal services rendered the assignor within ninety days next preceding the execution of the assignment, it shall be paid in full."

The statute above quoted is the first provision enacted in this state providing a preference for labor claims, and had its inception in 1884 and has remained a part of the law of this state ever since. It is the contention of the appellant that the preference statute of

chapter 550 was superseded and substantially repealed by the enact-ment of chapter 498 by the Twenty-third General Assembly and as subsequent acts of the legislature developed it into sections 11717 and 11719 of the 1931 Code.

Code section 11717 is as follows:

"When the property of any company, corporation, firm, or person shall be seized upon by any process of any court, or placed in the hands of a receiver, trustee, or assignee, or their property shall be seized by the action of creditors, for the purpose of paying or securing the payment of the debts of such company, corporation, firm, or person, the debts owing to employees for labor performed within the ninety days next preceding the seizure or transfer of such property, to an amount not exceeding one hundred dollars to each person, shall be a preferred debt and paid in full, or if there is not sufficient realized from such property to pay the same in full, then, after the payment of costs, ratably out of the fund remaining."

There is, we believe, a distinction between the chapter covering assignment for the benefit of creditors and the chapter covering seizure of property under a writ of execution. One is the voluntary assignment of all property; the other is the involuntary taking of property, the seizing of property. In one, the assignment for the benefit of creditors, all of the property which the assignor owns is assigned. In the other, the act does not contemplate the taking of the whole of the owner's property. True, the whole may be seized, but that is not necessary; while in the case of the assignment for the benefit of creditors the whole must be assigned.

This court, in a recent case, has held that the chapter covering the assignment for the benefit of creditors is the complete and ex-clusive guide and measure in procedure and as to every right and duty, in the matter of assignments for the benefit of creditors. In the case of In re Assignment of Gates, 200 Iowa 1039, 205 N. W. 968, 969, Gates was the owner of a private bank, and made a general assignment for the benefit of creditors, in accordance with this chapter. The school district township filed a claim with the assignee, and asked to have its claim held a preferred claim. The court, deny-ing the preference, says:

"As heretofore noted, this proceeding is under title XV, chapter 7, of the Code of 1897. Said title governs assignments for the benefit

of creditors, and is complete in itself. Sections 3078 and 3079 of said Code mark out preferences which are to be allowed; namely, all taxes and personal services rendered within ninety days preceding the execution of the assignment. It then provides that, after said claims have been paid, the court shall, from time to time, order fair and equal dividends paid to the creditors in proportion to their claims. The statute having thus defined the parties who shall be entitled to preference, it necessarily excludes a preference to all others. This is made more certain by reason of the fact that the statute provides that, after these two classes of preferred claims are paid, there is to be equal distribution among the creditors. We therefore find no warrant under this chapter to support the finding of the court that the claim herein was a preferred claim.

"The appellees insist that, by reason of section 1 of chapter 156 of the Acts of the Thirty-first General Assembly [section 3825-a, Code Supplement, 1913; section 12719, Code of 1924], they are entitled to preference; this being the section which provides for preference in receiverships. Under this section an assignment for benefit of creditors cannot be construed to be a receivership. It is true that in some instances courts have held that, for the purpose of giving effect to the law, a receiver may be held to be an assignee. A typical illustration of this is the case of Columbia Fin. & Tr. Co. v. Tharp, 24 Ind. App. 82, 56 N. E. 265, but that case held to such construction for the simple purpose of effectuating the liquidation of a building and loan association. We have found no case, and none has been called to our attention, which holds that a receivership may be construed to be an assignment for the benefit of creditors, or *vice versa,* wherein a question of preference is involved, and we are not now disposed to construe this statute in the way appellees claim it should be construed."

Thus is seems to us that the provisions of chapter .550 of the Code of 1931, relating to preference of labor claims, contemplates exclusively those cases where the whole of the employer's property has been devoted to his creditors by the voluntary act of the employer. In the case at bar, the appellant voluntarily came into the assignment for the benefit of creditors. He filed his claim. He raises only two objections to the claim of the appellee: First, that it was not filed in time; and, second, that it cannot exceed the amount of $100. Under section 12728 of the 1931 Code, the appellee

had three months from the date of the first publication in which to file his claim. There is no dispute in the record but that he filed it within the time provided by law. There is no dispute in the record but that the claim of the appellee was for personal services rendered to the assignor within ninety days next preceding the execution of the assignment, and section 12732 of the 1931 Code provides that in that case, where there is an assignment for the benefit of creditors, such a claim as the appellee had in the case at bar, for personal services rendered within ninety days of the date of the assignment, shall be paid in full. Such was the claim of the appellee. The lower court ordered that it be paid in full, and, in our judgment, this was correct.

The judgment and decree of the lower court must be, and it is hereby, affirmed.

KINDIG, C. J., and STEVENS, ANDERSON, and KINTZINGER, JJ., concur.